## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

**GILBERT HIBBERT, #68268-053**                                          **PETITIONER**

**VERSUS**                                     **CIVIL ACTION NO. 5:08-cv-259-DCB-MTP**

**UNITED STATES OF AMERICA**                                             **RESPONDENT**

### MEMORANDUM OPINION AND ORDER

This matter is before the court, <u>sua sponte</u>, for consideration of dismissal. Petitioner, an inmate incarcerated at the Federal Correctional Complex, Yazoo City, Mississippi, filed this petition for writ of error <u>coram nobis</u> pursuant to 28 U.S.C. § 1651 on August 4, 2008.

### Background

Petitioner pled guilty to attempted criminal sale of a controlled substance on June 9, 1989, in Nassau County, New York. On July 24, 1989, petitioner was sentenced to serve three to nine years incarcerated by the state of New York. Sometime between petitioner's release from incarceration and his subsequent arrest by federal officials he was deported to Jamaica. On October 28, 2002, petitioner pled guilty to a charge of reentry of a deported alien in the United States District Court for the Eastern District of New York, criminal case number 2:02-cr-1228-LDW-1. On May 16, 2003, petitioner was sentenced to serve 70 months in the custody of the Bureau of Prisons followed by 3 years of supervised release.

Petitioner argues that his 1989 New York state sentence is illegal based on ineffective assistance of counsel. As a result, petitioner claims that but for this "illegal" 1989 sentence he would not have been deported, which in turn caused him to be charged with the crime of reentry of a deported alien. Therefore, petitioner argues that his guilty plea to reentry of a deported alien on October 28, 2002, was involuntary, which renders his current confinement illegal. As relief,

petitioner requests that his prior conviction be expunged from his record, thus invalidating his current conviction and resulting in his immediate release from custody.[1]

## Analysis

A writ of error coram nobis is available to federal courts pursuant to the All Writs Act, 28 U.S.C. § 1651(a).[2] The writ is accessible to a petitioner who has completed his sentence and is no longer "in custody" for purposes of seeking relief under 28 U.S.C. § 2241 or § 2255. United States v. Dyer, 136 F.3d 417, 422 (5th Cir.1998). The writ should only be employed to correct errors "resulting in a complete miscarriage of justice." Jimenz v. Trominski, 91 F.3d 767, 768 (5th Cir.1996). Petitioner is currently in the custody of the Bureau of Prisons at the Federal Correctional Complex in Yazoo City, Mississippi, and meets the "in custody" requirement of 28 U.S.C. § 2241 or § 2255. Therefore, a writ of coram nobis does not provide a remedy for petitioner's alleged unlawful imprisonment based on his involuntary guilty plea to the crime of reentry of a deported alien. See Santos-Sanchez v. United States, 548 F.3d 327, 331-32 (5th Cir. 2008); United States v. Esogbue, 357 F.3d 532, 534 (5th Cir.2004).

To the extent the petitioner's request for relief can be construed as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, this court lacks jurisdiction to

---

[1] This Court interprets petitioner's reference to his "prior conviction" to mean his 1989 New York state conviction. Any habeas challenges to a state court conviction would be proper under 28 U.S.C. § 2254. However, since it appears the maximum discharge date for this conviction would be 1998, this Court will not construe this request for relief under 28 U.S.C. § 2254. Nor will this Court grant a request for a writ of coram nobis invalidating this 1989 conviction. If such a remedy is even available to the petitioner, his claims fail to meet the stringent criteria for such extraordinary relief. See Santos-Sanchez v. United States, 548 F.3d 327, 331-32 (5th Cir. 2008); United States v. Dyer, 136 F.3d 417, 422 (5th Cir.1998).

[2] Section 1651(a) provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

entertain the motion. Reyes-Requena v. United States, 243 F.3d 893, 901 n.18 (5th Cir.2001)(Section 2255 "channels collateral attacks by federal prisoners to the sentencing court so that they can be addressed more efficiently")(quoting Triestman v. United States, 124 F.3d 361, 373 (2d Cir.1997); Ojo v. INS,106 F.3d 680, 683 (5th Cir.1997)(petitioner's claims must be addressed in a § 2255 petition, and the only court with jurisdiction to hear that is the court that sentenced him); Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 n. 2 (5th Cir.1990)(A section 2255 motion must be filed in the sentencing court).[3]

Although this court would have jurisdiction over a petition filed pursuant to § 2241, since this court is the petitioner's district of incarceration, petitioner's claims are not pursuable in a § 2241 petition. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004); United States v. Cleto, 956 F.2d 83, 84 (5th Cir.1992)(A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241). As the Fifth Circuit has recognized, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). The Fifth Circuit further explained that "28 U.S.C. § 2255, not § 2241, is the proper means of attacking errors that occurred during or before sentencing." Ojo v. INS, 106 F.3d 680, 683 (5th Cir. 1997) (citing Cox v. Warden, Fed.

---

[3]This action would be a second or successive § 2255 motion filed by the petitioner and he would be required to obtain permission from the appropriate court of appeals for an order authorizing the district court to consider the application. See 28 U.S.C. § 2244(b)(3)(A); Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir.1999) (district court lacks jurisdiction to construe petition as a § 2255 motion because petitioner had not received prior authorization from the court of appeals to file a successive § 2255 motion); United States v. Key, 205 F.3d 773, 774 (5th Cir.2000)(a second or successive habeas petition is immediately dismissible by district court for lack of jurisdiction). Petitioner has previously filed a § 2255 motion in the Eastern District of New York (case number 2:04-cv-2335-LDW) which was denied.

Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)). The instant petition does not challenge the manner in which petitioner's sentence is being carried out nor does it challenge the prison authorities' determination of petitioner's sentence. Petitioner's claim that he pled guilty to reentry of a deported alien involuntarily is not a challenge to the execution of his sentence, rather, it is a challenge to an alleged error that occurred during sentencing.

However,"§ 2241 may be utilized by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the so-called § 2255 'savings clause.'" Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir.2001).[4] The Fifth Circuit, in providing guidance as to the factors that must be satisfied for a petitioner to meet the stringent "inadequate or ineffective" requirement, held the savings clause of § 2255 to apply to a claim "that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and that claim "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Id. at 904. Petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective to test the legality of his detention. Id. at 901; see also, Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000). A prior denial of a § 2255 motion or the denial of a motion for leave to file a second or successive § 2255 motion does not render the § 2255 remedy inadequate or ineffective so as to permit a petition under § 2241. See Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir.2000)("[A] prior unsuccessful § 2255 motion, or the inability

---

[4] 28 U.S.C. § 2255: "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is *inadequate or ineffective to test the legality of his detention.*"

4

to meet AEDPA's 'second or successive' requirement, does not make § 2255 inadequate or ineffective."); Pack, 218 F.3d at 452-53("[M]erely failing to succeed in a section 2255 motion does not establish the inadequacy or ineffectiveness of the section 2255 remedy."). Petitioner has failed to argue that there has been a "retroactively applicable Supreme Court decision" that would render his conviction of reentry of a deported alien nonexistent. In sum, petitioner has not established that § 2255 would be an inadequate or ineffective remedy in order to proceed under the savings clause.

## Conclusion

As stated above, petitioner does not meet the requirements for a writ of error coram nobis, pursuant to the All Writs Act, therefore his petition is denied and this case will be dismissed. To the extent the petitioner's request for relief can be construed as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, this court lacks jurisdiction to entertain the motion. See Reyes-Requena v. United States, 243 F.3d 893, 901 n.18 (5th Cir.2001). In addition, petitioner has failed to state a claim for relief that is pursuable as a § 2241 action. Petitioner has failed to demonstrate that § 2255 is an inadequate or ineffective remedy in order to proceed under the savings clause. Accordingly, to the extent this case is construed as seeking habeas relief, it is dismissed with prejudice as to the jurisdictional issue and without prejudice regarding all other claims. See Pack v. Yusuff, 218 F.3d 448, 454-455.

SO ORDERED this the   23rd   day of  January, 2009.

   s/ David Bramlette
UNITED STATES DISTRICT JUDGE